IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY D. FITZGERALD,

    Plaintiff,

vs.

Case No. 06-1146-JTM

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

    Defendant.

MEMORANDUM AND ORDER

    Defendant, the Commissioner of the Social Security Administration, seeks to dismiss plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). For the reasons set forth below, the court grants defendant's motion to dismiss. (Dkt. No. 4).

    Plaintiff filed claims for disability insurance and SSI. Plaintiff filed an initial application on September 17, 1999, alleging an onset of disability of June 1, 1999. The application was denied. After plaintiff requested a hearing, the claim was denied on April 17, 2001. The plaintiff requested review of the decision by the Appeals Council; however, review was denied on June 20, 2001. The plaintiff did not file a timely appeal of the decision.

    Plaintiff's second application for benefits occurred on June 7, 2001, alleging an onset of disability in 1989. Plaintiff was found to be eligible for SSI on November 26, 2001, although the application for disability benefits was not considered due to a lack of medical evidence

demonstrating that a disabling condition existed before the claimant's last insured date, December 31, 1996.

Plaintiff's third application for benefits occurred on June 30, 2004, alleging an onset of disability on August 31, 1989. The claim was denied on August 30, 2004 and upon reconsideration on September 17, 2004. Thereafter, on October 6, 2004, plaintiff requested an administrative hearing. The administrative law judge dismissed the request for a hearing on November 25, 2005, by applying the doctrine of *res judicata*, noting that plaintiff previously filed an application for disability benefits on September 17, 1999, which was denied in a decision dated April 17, 2001.

On May 24, 2006, plaintiff filed the present civil action.

The court grants defendant's motion to dismiss for lack of jurisdiction. Under 42 U.S.C. § 405(g) and (h), civil actions are permitted on any claim arising under Title II or Title XVI where there is a "final decision of the Secretary [Commissioner] made after the hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Under 20 C.F.R. § § 404.957(c); 416.1457(c), the Commissioner may dismiss a hearing request and decline to issue a "final decision" if:

> [t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

Plaintiff's application for disability benefits was denied on November 25, 2005 on the basis of *res judicata* due to the previous application filed on September 17, 1999, which was denied on April 17, 2001. This court cannot review the determination made because the denial of the hearing request was not a "final decision" under the Act. *See Brown v. Sullivan*, 912 F.2d

1194, 1196 (10th Cir. 2005) ("the agency's decision not to reopen a claimant's application for benefits is discretionary and therefore not subject to judicial review under § 405(g)."). Therefore, defendant's motion to dismiss is granted.

IT IS ACCORDINGLY ORDERED this 14th day of December, 2006, that defendant's motion to dismiss (Dkt. No. 4) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE